IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodor R. Bendig, | ) No. CV 09-1611-PHX-PGR (ECV) |
| Petitioner, | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

## BACKGROUND

Pending before the court is a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Theodor R. Bendig. Doc. #1. Following a jury trial in 1985 in the Maricopa County Superior Court, Petitioner was convicted of eight offenses including two counts of attempted first degree murder, four counts of sexual assault, one count of armed robbery and one count of burglary. Doc. #16, Exh. O, Q. On August 9, 1985, Petitioner was sentenced on each count to life imprisonment without any form of release until he has served at least 25 years. Doc. #16, Exh. R at 28-31, S. In addition, the trial court ordered that some of the sentences run consecutively, ensuring that Petitioner would remain in custody for at least 100 years. Id.

Petitioner filed an appeal directly to the Arizona Supreme Court. Doc. #16, Exh. T. On November 13, 1986, the Court denied the appeal and affirmed Petitioner's convictions and sentences. Doc. #16, Exh. Z.

On August 28, 1989, Petitioner filed his first Petition for Post-Conviction Relief under Rule 32 of the Arizona Rules of Criminal Procedure. Doc. #16, Exh. AA. The trial court appointed counsel to represent Petitioner in the post-conviction proceedings. Doc. #16, Exh. BB, DD. On May 21, 1990, the court denied the petition. Doc. #16, Exh. GG. Following a Petition for Review to the Arizona Court of Appeals, the Court denied relief. Doc. #16, Exh. JJ, LL. After Petitioner sought review in the Arizonal Supreme Court, that Court denied review. Doc. #16, Exh. MM, NN.

Petitioner filed a second Notice of Post-Conviction Relief on December 12, 1994. Doc. #16, Exh. OO. Pursuant to Petitioner's request, the trial court dismissed the request for post-conviction relief without prejudice on July 20, 1995. Doc. #16, Exh. UU.

Petitioner subsequently filed a third request for post-conviction relief, which was dismissed by the trial court on February 13, 1997. Doc. #16, Exh VV at Exhibit One of Petition for Review. On April 15, 1997, he filed a Petition for Review to the Arizona Court of Appeals. Doc. #16, Exh. VV. The Court of Appeals dismissed the matter on January 16, 1998, after finding that the petition for review was untimely. Doc. #16, Exh. VV at Bates #255 (last document of exhibit).

Petitioner filed a fourth request for post-conviction relief on August 4, 1997. Doc. #16, Exh. VV at Bates #251. The trial court denied the request on August 29, 1997. Doc. #16, Exh. WW at Exhibit A of Petition for Review. Petitioner then filed a Petition for Review to the Arizona Court of Appeals on March 2, 1998, which was denied on June 25, 1999. Doc. #16, Exh. WW, XX. A subsequent Petition for Review to the Arizona Supreme Court was denied on November 22, 1999. Doc. #16, Exh. YY, ZZ.

Petitioner filed a fifth request for post-conviction relief on March 25, 2008. Doc. #16, Exh. AAA. In a Minute Entry filed on May 9, 2008, the trial court dismissed the request because Petitioner failed to satisfy the requirements for an untimely petition and because the

arguments were precluded, in that they could have been raised in a prior petition. Doc. #16, Exh. BBB. The court identified this as Petitioner's third post-conviction proceedings, but, as summarized above, documents from the state court record provided by Respondents show there were at least two other requests for post-conviction relief. Petitioner filed a Petition for Review in the Arizona Court of Appeals on May 16, 2008, which was denied on July 15, 2009. Doc. #16, Exh. CCC, DDD.

On August 4, 2009, Petitioner filed his *pro se* Petition for Writ of Habeas Corpus in this court. Doc. #1. Petitioner raises only one ground for relief: that his indictment contained multiple charges for the same basic offense, in violation of the Double Jeopardy Clause. He further contends that his sentence violates the Due Process Clause and constitutes cruel and unusual punishment. On April 8, 2010, Respondents filed an Answer to Petition for Writ of Habeas Corpus. Doc. #16. Petitioner has not filed a reply.

## DISCUSSION

Respondents contend that the petition should be dismissed because it was not filed within the statute of limitations period. Based on the discussion below, the court finds that the habeas petition is barred by the statute of limitations and recommends that the petition be denied on that basis.

**A.    Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. 28 U.S.C. § 2244(d)(1).[1] The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[1] Because Petitioner's habeas petition was filed after the AEDPA effective date of April 24, 1996, the Act's provisions apply to this case. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001).

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

State prisoners whose convictions became final before the AEDPA effective date of April 24, 1996, had a one-year grace period in which to file their petitions. Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Thus, any such petitions had to be filed by April 24, 1997. Id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see also Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002). A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition." Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004). In Arizona, post-conviction review is pending once a *notice* of post-conviction relief is filed even though the petition is not filed until later. Isley v. Arizona Department of Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004). An application for post-conviction relief is also pending during the intervals between a lower court decision and a review by a higher court. See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold, 536 U.S. 214, 223 (2002). However, the time between a first and second application for post-conviction relief is not tolled because no application is "pending" during that period. Biggs, 339 F.3d at 1048; see also King v. Roe, 340 F.3d 821 (9th Cir. 2003) (The petitioner was "not entitled to tolling during the interval

between the completion of one round of state collateral review and the commencement of a second round of review."). Moreover, filing a new petition for post-conviction relief does not reinitiate a limitations period that ended before the new petition was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

**B.      Application**

Petitioner's judgment of conviction became final in 1987 after the to time to file a petition for writ of certiorari expired following the Arizona Supreme Court's decision on November 13, 1986, affirming the convictions and sentences. Because the judgment of conviction became final long before the effective date of the AEDPA, Petitioner's habeas petition was due on or before April 24, 1997, the end of the one-year grace period.

Toward the end of the one-year grace period, Petitioner filed a request for post-conviction relief on February 13, 1997, thus tolling the remaining two months and eleven days before the grace period expired. It's unclear from the information provided to the court exactly when statutory tolling stopped and started again between 1997 and 1999. Giving the benefit of any doubt to Petitioner, the court will count the Arizona Supreme Court's decision denying review on November 22, 1999, as the end of the post-conviction relief matters for which statutory tolling applied. Thus, the clock began running again on November 23, 1999, for another two months and eleven days, until February 3, 2000, after which the grace period and deadline for filing a habeas petition passed. Petitioner did not file his habeas petition until August 4, 2009, approximately nine and a half years too late. Moreover, Petitioner's request for post-conviction relief on March 25, 2008, did not reinitiate the limitations period that had already expired before it was filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Having failed to file a reply, Petitioner fails to address Respondents' arguments regarding the statute of limitations. In his petition, he addresses the timeliness issue by claiming he was entitled to some notice before the statute of limitations expired. The court is aware of no legal authority requiring a state prisoner to be notified of the deadline to file a federal habeas petition and finds Petitioner's contention to be without merit.

**C.      Conclusion**

The judgment of conviction in this case became final before the AEDPA was enacted, thus requiring the application of the one-year grace period. Petitioner, however, failed to file his habeas petition within the required time period and the petition is therefore barred. As a result, the court will recommend that the petition be denied and dismissed.

**IT IS THEREFORE RECOMMENDED:**

That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1) be **DENIED** and **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties shall have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the

///
///
///
///

findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. See Fed. R. Civ. P. 72.

DATED this 1st day of July, 2010.

Edward C. Voss
United States Magistrate Judge